# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UBS FINANCIAL SERVICES INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 09-CV-2502 KHV/DJW |
| ) | |
| CARLA C. INGRAHAM, ) | |
| ) | |
| Serve: 7605 Mohawk Drive ) | |
| Prairie Village, KS 66208 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff UBS Financial Services Inc. ("UBSFS"), for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57, F.R.C.P. against Defendant Carla C. Ingraham ("Ingraham"), states and alleges as follows:

## PARTIES

1.      UBSFS is a corporation organized under the law of the State of Delaware, with a principal place of business in New Jersey, and among other states, UBSFS conducts business in the State of Kansas.

2.      Ingraham is an individual resident of the State of Kansas, and she can be served with process at the address stated in the caption of this Complaint. Until July 1, 2009, Ingraham was an employee of UBSFS in the position of Senior Registered Client Service Associate ("CSA").

## JURISDICTION AND VENUE

3.      This Court possesses jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), there existing diversity of citizenship and an amount in controversy in excess of

$75,000, as well as pursuant to 28 U.S.C. § 1367, and the Court possesses jurisdiction to award declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.

4. This Court possesses personal jurisdiction over Ingraham because she is a resident of the State of Kansas.

5. This action is ripe for adjudication as the agency proceedings have concluded and Ingraham has obtained a right to sue letter. Thus, this suit would not preempt the legislative directive, if any, that such disputes be addressed by way of the administrative process.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because Ingraham resides in this judicial district.

## GENERAL ALLEGATIONS

7. Ingraham held the position of CSA until July 1, 2009, at which time her employment was terminated by UBSFS.

8. All UBSFS employees are provided a forum for resolving workplace disputes called the Forum for Alternate Issue Resolution ("FAIR") Program, which maintains an Issue Resolution Hotline that employees may call to report improper conduct or behavior and/or seek assistance to resolve other workplace issues/disputes.

9. On or about December 22, 2008, Ingraham telephoned the UBSFS's FAIR hotline to report allegations of sexual harassment and retaliation against a co-worker, James DeGoler ("DeGoler").

10. Once Ingraham reported her concerns, UBSFS promptly investigated her allegations through its FAIR program.

11. Ingraham also filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights

("MCHR") against UBSFS and DeGoler on or about December 29, 2008.  Ingraham alleged she was sexually harassed and retaliated against by UBSFS and DeGoler.

12.     The FAIR investigation revealed that Ingraham's allegations were without merit.

13.     On or about April 30, 2009, UBSFS received additional allegations of harassment and retaliation from Ingraham.  Based upon the seriousness of Ingraham's allegations, UBSFS conducted a second inquiry.  Again, the investigation revealed that Ingraham's allegations were without merit.

14.     On or about June 19, 2009, Ingraham filed an Amended Charge of Discrimination with the EEOC and MHRC setting forth additional allegations of harassment and retaliation.

15.     On or about July 16, 2009, Ingraham filed a second Amended Charge of Discrimination with the EEOC and MHRC alleging her termination was an act of retaliation.

16.     UBSFS denies that Ingraham was sexually harassed, retaliated against, or subjected to any other unlawful employment action.

17.     The administrative proceedings have concluded and a right to sue letter has been issued.  Thus, this action would not preempt the legislative directive, if any, that such disputes be addressed by way of the administrative process.

**DECLARATORY JUDGMENT**

18.     UBSFS restates the allegations contained in the preceding paragraphs of this Complaint.

19.     There exist present, substantial, and justiciable controversies between and among Plaintiff and Ingraham, arising out of or related to Ingraham's employment at UBSFS, sufficient to invoke this Court's power pursuant to 28 U.S.C. § 2201, *et seq.*, to declare the rights and liabilities of the parties hereto.

20. The actual controversies between the parties warranting declaratory judgment include, but are not limited to, whether Ingraham was sexually harassed or retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e), *et seq.* and/or the Missouri Human Rights Act ("MHRA"), R.S. Mo. §§ 213.010, *et seq.*

21. Ingraham's allegations of discrimination continue to harm UBSFS. By relying upon the threat of litigation, Ingraham has forced UBSFS to expend attorneys' fees and other resources to defend against her allegations and to seek declaratory judgment to determine whether it is subject to liability under Title VII and/or the MHRA.

**WHEREFORE**, UBSFS respectfully requests this Court to enter declaratory judgment in its favor as follows:

A. That UBSFS and DeGoler did not sexually harass or retaliate against Ingraham; and

B. For such other and further relief as the Court may determine is proper and necessary.

Respectfully submitted,

**BRYAN CAVE LLP**

By:/s/W. Perry Brandt
    W. Perry Brandt    D. Kansas #77842
    Kelly M. Nash    D. Kansas #21910
    One Kansas City Place
    1200 Main Street, Suite 3500
    Kansas City, MO  64105
    (816) 374-3200
    (816) 374-3300
    perry.brandt@bryancave.com
    kelly.nash@bryancave.com

ATTORNEYS FOR PLAINTIFF