**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 09-2502-KHV** |
| CARLA C. INGRAHAM, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57, Fed. R. Civ. P., UBS Financial Services, Inc. brings suit against Carla C. Ingraham. Plaintiff asks the Court to declare that it and its employees did not sexually harass or retaliate against Ingraham in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq., or the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 et seq. This matter is before the Court on Carla Ingraham's Motion To Dismiss, Or In The Alternative, To Stay This Proceeding (Doc. #9) filed December 18, 2009. Ingraham seeks dismissal or stay pending resolution of a parallel case now pending in Jackson County, Missouri – Carla C. Ingraham v. UBS Financial Services, Inc. and James "Jay" DeGoler, No. 0916-cv 35471. Ingraham argues that this case wrongfully invokes the Declaratory Judgment Act and is an improper anticipatory filing which plaintiff filed to deprive her of her chosen forum in Missouri state court. For reasons stated below, the Court agrees and sustains Ingraham's motion to dismiss.

**Factual and Procedural Background**

According to the Complaint for Declaratory Relief (Doc. # 1) filed September 24, 2009,

and documents attached to Ingraham's memorandum in support of her motion to dismiss, the relevant factual background is as follows: [1]

Until July 1, 2009, when it terminated her employment, UBS employed Ingraham as a Senior Registered Client Service Associate.

On or about December 22, 2008, Ingraham called the UBS workplace issue resolution hotline to report sexual harassment and retaliation by a co-worker, James DeGoler. On or about December 29, 2008, Ingraham also filed with the Missouri Commission on Human Rights ("MCHR") a Charge of Discrimination against UBS and DeGoler. In the charge, plaintiff alleged that UBS and DeGoler sexually harassed and retaliated against her. [2] UBS promptly investigated Ingraham's allegations and concluded that they were without merit.

On or about April 30, 2009, Ingraham again complained to UBS about harassment and retaliation. UBS conducted a second investigation and again concluded that Ingraham's allegations were without merit. On or about June 19, 2009, Ingraham filed an Amended Charge of Discrimination with the MCHR which set forth additional allegations of harassment and retaliation. On July 1, 2009, UBS terminated Ingraham's employment. On or about July 16, 2009, Ingraham filed a second Amended Charge of Discrimination alleging that her termination

---

[1]     The Court has considered the petition and attached documents from the state court case in Jackson County, Missouri, Carla C. Ingraham v. UBS Financial Services, Inc. and James "Jay" DeGoler, No. 0916-cv 35471, which Ingraham attached to her memorandum in support of her motion to dismiss. See Doc. #10. These documents are subject to judicial notice and thus may be considered on a motion to dismiss. See Cunningham Coal, Inc. v. Cunningham, 511 F. Supp.2d, 1065, 1070-71 (D. Kan. 2007).

[2]     UBS alleges that Ingraham filed charges of discrimination with both the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission. Ingraham disputes this allegation, stating that she filed only with the Missouri Commission on Human Rights, and that it then forwarded her claim to the Equal Employment Opportunity Commission under its work-share arrangement. See Carla Ingraham's Motion To Dismiss, Or, In The Alternative, To Stay This Proceeding (Doc. #9) at 3, n.1.

was an act of retaliation.

The MCHR issued a "Notice of Right To Sue" to Ingraham on September 22, 2009. Two days later, UBS filed suit in this Court seeking a judicial declaration that it did not sexually harass or retaliate against Ingraham in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq., or the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 et seq.

On November 16, 2009 Ingraham filed suit against UBS in the Circuit Court of Jackson County, Missouri. In that suit, Ingraham claims that UBS and Jay DeGoler sexually discriminated against her, subjected her to a hostile work environment and sexual harassment and retaliated against her for complaining about sexual discrimination, harassment and hostile work environment. UBS has moved to dismiss that petition for damages, arguing that because the issue was first pending in this Court, the Jackson County Circuit Court should defer to this Court. UBS's motion in the Jackson County proceeding remains pending.

## Analysis

The Declaratory Judgment Act confers upon district courts "unique and substantial discretion" to determine whether to declare the rights of litigants when duplicative state proceedings exist.[3] United States v. City of Las Cruces, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995)). Under Wilton and the

---

[3]    The Declaratory Judgment Act states in relevant part as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

doctrine first announced in <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 492 (1942), district courts are not compelled to grant declaratory relief, but have discretion to do so. <u>Las Cruces.</u> 289 F.3d at 1180-81. This discretion exists even when the Court has an independent jurisdictional basis for jurisdiction. <u>Id.</u> at 1181.[4] Further, the Court may decline jurisdiction notwithstanding the "first to file" rule. <u>See</u> <u>Buchanan v. Greene</u>, No. 97-2569-KHV, 1998 WL 184448, at *3 (D. Kan. March 12, 1998) (dismissing federal declaratory judgment action filed six weeks before state court action); <u>Bacardi U.S.A., Inc. v. Premier Beverage, Inc.</u>, 352 F. Supp. 2d 1188 (D. Kan. 2005) (staying federal declaratory judgment action filed one week before state court action).

In <u>Brillhart</u>, the Supreme Court enunciated several factors to guide a district court in deciding whether to exercise jurisdiction over a declaratory judgment action: the scope of the state proceeding, whether the claims of all parties can be adjudicated in that proceeding, whether necessary parties have been joined, whether they are amenable to process and any other factor bearing on the central question of which forum can better resolve the controversy. 316 U.S. at 495. In <u>State Farm Fire & Casualty Co. v. Mhoon</u>, 31 F.3d 979, 983 (10th Cir. 1994), the Tenth Circuit addressed <u>Brillhart</u> and listed five factors for district courts to evaluate when determining whether to decline jurisdiction over a declaratory judgment action: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the

---

[4]       The Court rejects UBS's argument that it should overrule Ingraham's motion because she answered the complaint and affirmatively consented to jurisdiction in this Court. Ingraham does not premise her motion upon a lack of jurisdiction, and the Declaratory Judgment Act permits a district court to decline to exercise jurisdiction even when subject matter jurisdiction exists. <u>Las Cruces</u>, 289 F.3d at 1180-81. Further, prior participation in a declaratory judgment action does not bar a party from seeking a stay or dismissal under <u>Brillhart</u>. <u>See</u> <u>Bacardi</u>, 352 F. Supp. 2d at 1194 (staying case and holding prior motion to dismiss did not procedurally bar second motion asking court to dismiss or stay declaratory judgment action).

legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether an alternative remedy would be better or more effective.

The Court addresses these factors in turn:

1.      Whether A Declaratory Action Would Settle The Controversy

The first factor weighs in favor of Ingraham, who correctly notes that a declaratory judgment will not settle this controversy because even if UBS succeeds, the alleged harasser – DeGoler – is not a party to this suit.  Under Buchanan, Ingraham cannot be forced to counterclaim against UBS or add claims against DeGoler.  1998 WL 184448, at *2.  Further, if Ingraham wins in this case, she would then have to adjudicate damages in a separate proceeding.

2.      Whether The Declaratory Action Would Serve A Useful Purpose Of Clarifying Legal Relations At Issue

The second factor also weighs in favor of Ingraham, who correctly notes that the Declaratory Judgment Act is primarily intended to settle rights where a violation has not yet occurred.  See id.  Here, UBS asks the Court to determine liability for past conduct, which is improper.  Id.  Declaratory judgment is inappropriate to simply proclaim that one party is liable to another.  Id.[5]

---

[5]      UBS's reliance on Pruet Production Co. v. Ayles, 784 F.2d 1275 (5th Cir. 1986), is inapposite, because no duplicative state court proceeding existed in that case.  In Pruet, plaintiff filed a declaratory judgment action asking the court to declare rights under the Age Discrimination in Employment Act and an employment agreement.  Defendant did not challenge plaintiff's ability to bring a declaratory action under the ADEA, and instead counterclaimed. The suit therefore proceeded in federal court.

3. <u>Whether The Declaratory Action Is Being Used Merely For The Purpose Of Procedural Fencing Or To Provide An Arena For A Race To Res Judicata</u>

This factor also weighs in favor of Ingraham. To the extent federal courts apply a "first-to-file" rule when two duplicative suits are filed, they also recognize that many declaratory actions are filed in order to forum shop. <u>See</u> <u>Mut. of Omaha Ins. Co. v. Rodriguez</u>, No. 09-2100-EFM, 2009 WL 3672513, at \*3 (D. Kan. Nov. 2, 2009); <u>see also</u> <u>Nacodoches Oil & Gas, L.L.C. v. Leading Solutions, Inc.</u>, 06-CV-2551-CM, 2007 WL 2402723, at \*2 (D. Kan. Aug. 17, 2007). Declaratory judgment is not a prize in a race to the courthouse, and when other factors favor the later-filed action, the race does not always go to the first to file. <u>See</u> <u>Buchanan</u>, 1998 WL 184448, at \*2.

A declaratory action is preemptive when it appears to be a reaction to the imminent filing of a state court case. The Court therefore places no weight on the fact that UBS filed the federal action before Ingraham filed the state court action. <u>Mid-Continent Cas. Co. v. Se. Kan. Indep. Living Res. Ctr., Inc.</u>, 05-4029-RDR, 2005 WL 3240843, at \*2 (D. Kan. Nov. 30, 2005). A district court may decline to hear a declaratory judgment action if it appears that the federal plaintiff is using the action for procedural fencing. <u>St. Paul Fire & Marine Ins. Co. v. Runyon</u>, 53 F.3d 1167, 1170 (10th Cir. 1995). Here, UBS's actions look like procedural fencing: it filed this action only two days after Ingraham received a right to sue letter from the MHRC, and before she received a similar letter from the EEOC. Further, UBS's purported justification for filing when and where it did – that some of UBS's allegations implicate Kansas – is ephemeral. Also, because Ingraham received her right to sue letter only two days before UBS filed suit, the Court is not persuaded that UBS raced to this Court to end a "long-standing controversy" as UBS claims.

4.     Whether Use Of Declaratory Action Would Increase Friction Between Federal And State Courts And Improperly Encroach Upon State Jurisdiction

This factor weighs slightly in favor of Ingraham.  In assessing this factor, the Court considers both the history of the state court proceeding in this litigation and the presence of state law claims.  Mutual of Omaha, 2009 WL 3672513, at *4.  Here, while the underlying state court action has been pending for only four months, friction would result if this Court were to address the same issues which are encompassed in the state court proceeding.  Furthermore, the claims in both cases are based on Missouri law.  An injured plaintiff has the right to choose the forum and the time, if at all, to assert her claim; declaratory judgment actions are not meant to give a potential defendant a declaration of non-liability before the natural plaintiff brings her claims.  Buchanan, 1998 WL 184448, at *2.

Finally, and most significantly, both cases require a determination of the same key issue, i.e. whether DeGoler and UBS engaged in conduct which Missouri state law prohibits.  Friction between federal and state courts would therefore result from a judgment in this case, which presents the same factual issue as a state court case in which DeGoler has been sued and appeared.  See Allstate Property and Cas. Ins. Co. v. Salazar-Castro, 08-2100-CM, 2009 WL 997157, at *2 (D. Kan. Apr. 14, 2009).

5.     Whether A Better Or More Effective Alternative Remedy Exists

The fifth factor weighs in favor of Ingraham.  The pending state court action contains all parties and is based on the same factual allegations, and the Missouri state court is in a better position to hear Ingraham's claims which all arise under Missouri state law.

The Court therefore concludes that under Mhoon, the state court proceeding is the more appropriate forum for this litigation and grants Ingraham's motion to dismiss.

**IT IS THEREFORE ORDERED** that Carla Ingraham's Motion To Dismiss, Or In The

Alternative, To Stay This Proceeding (Doc. #9) filed December 18, 2009 be and hereby is

**SUSTAINED**.  The Court orders that this action is hereby **DISMISSED.**

       Dated this 8th day of April, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
